| | |
|---|---|
| 1 | **BARNES & THORNBURG LLP** |
| 2 | ERIC BESTE (SBN 226089)<br>eric.beste@btlaw.com |
| 3 | AMY C. POYER (SBN 277315)<br>amy.poyer@btlaw.com |
| 4 | 655 West Broadway, Suite 1300<br>San Diego, California 92101 |
| 5 | Telephone: 310-284-3880<br>Facsimile: 310-284-3894 |
| 6 | CHAD S.C. STOVER (*pro hac vice* forthcoming) |
| 7 | chad.stover@btlaw.com<br>222 Delaware Avenue, Suite 1200 |
| 8 | Wilmington, DE 19801<br>Telephone: 302-300-3474 |
| 9 | Attorneys for Plaintiffs |
| 10 | ACCO BRANDS USA LLC and<br>BENSUSSEN DEUTSCH & ASSOCIATES LLC |

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ACCO BRANDS USA LLC and BENSUSSEN DEUTSCH & ASSOCIATES LLC,<br><br>         Plaintiff,<br><br>v.<br><br>PERFORMANCE DESIGNED PRODUCTS LLC,<br><br>         Defendant. | Case No.: **'24CV1100 GPC KSC**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>DEMAND FOR JURY TRIAL |

43578984.5

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs ACCO Brands USA LLC ("ACCO") and Bensussen Deutsch & Associates LLC ("BDA" and collectively, "Plaintiffs"), by and through undersigned counsel, file this Complaint for Declaratory Judgment against Defendant Performance Designed Products LLC ("PDP" or "Defendant"), and allege as follows:

## PRELIMINARY STATEMENT

1. ACCO seeks a declaration of non-infringement and invalidity of United States Patent Nos. 10,042,435 (the "'435 Patent"), 10,942,584 (the "'584 Patent"), 10,874,938 (the "'938 Patent"), and 10,737,171 (the "'171 Patent") (collectively, the "Asserted Patents"). ACCO requests this relief because Defendant has made it clear through correspondence and discussions with ACCO, as well as pending state court litigation, that Defendant intends to sue ACCO for alleged infringement of the Asserted Patents.

2. ACCO and BDA seek a declaration that they (a) have not and do not infringe the Asserted Patents, (b) do not owe any royalties to Defendant under an April 2018 settlement and patent license agreement between Defendant and BDA relating to certain video game controllers (the "Settlement Agreement"), and (c) have not breached any contractual obligations owed to Defendant. ACCO and BDA request this relief because Defendant has already brought suit against them in San Diego Superior Court for an alleged breach of the Settlement Agreement, but has refused to litigate the issues of invalidity and non-infringement in that venue. Accordingly, it would be most efficient to resolve the patent and contractual issues together in this court, which has exclusive jurisdiction over disputes arising under the patent laws of the United States.

## PARTIES

3. ACCO is a limited liability company organized and existing under the laws of the State of Delaware with its corporate headquarters at 4 Corporate Drive, Lake Zurich, Illinois 60047.

4. BDA is a limited liability company organized and existing under the laws of the State of Washington with its corporate headquarters at 15525 Woodinville – Redmond Road NE, Woodinville, Washington 98072.

5. PDP is a limited liability company organized and existing under the laws of the State of California with its principal place of business located at 4821 Viewridge Ave, San Diego, California 92123.

## JURISDICTION AND VENUE

6. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, and under the patent laws of the United States, 35 U.S.C. § 1 et seq.

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202 because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1332, 1338, 2201, and 2202.

8. The Court has supplemental subject matter jurisdiction over the related California state law claims pursuant to 28 U.S.C. §§ 1338 and 1367. Each of Plaintiffs' state law claims arises out of the same factual nucleus as its federal law claims.

9. The Court has personal jurisdiction over Defendant because Defendant is an entity organized under the laws of California and has its principal place of business in the Southern District of California.

10. This Court can provide the declaratory relief brought in this Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201. An actual case and controversy exists at least because Defendant has accused ACCO of infringing the Asserted Patents and accused ACCO and BDA of breaching the Settlement Agreement. Defendant's actions have created a real, live, immediate, and justiciable case or controversy between Defendant and Plaintiffs.

11. Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c) because Defendant resides in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

12. Venue is also proper because the Settlement Agreement between Defendant and BDA contains a forum selection clause stating that any legal action to enforce or interpret the terms of the Settlement Agreement must be brought in the United States District Court for the Southern District of California, or in a California State Court located in San Diego County.

## FACTUAL BACKGROUND

13. ACCO is an American multinational company and is one of the world's largest designers, manufacturers, and marketers of premium business, technology, academic, and consumer products.

14. BDA is a global merchandise agency that provides marketing services and customized branded merchandise to Fortune 1000 enterprises, major sports leagues, and entertainment companies.

15. In 2009, BDA launched PowerA, an innovative video gaming accessories brand for third-party gaming controllers, audio headsets, and charging accessories with a focus on exceptional design, quality craftsmanship, and player comfort. In 2020, ACCO acquired PowerA.

16. In June 2021, as part of its popular FUSION line, PowerA announced the launch of its newest FUSION Pro 2 Wired Controller for the Xbox gaming platform. The FUSION Pro 2 fuses premium materials with professional-level gaming features to deliver a totally immersive, high-performance gaming experience. Notably, the FUSION Pro 2 is equipped with a Mappable Pro Pack to level-up gaming with four mappable paddles that can be quickly customized on-the-fly mid-game, while dual rumble motors and magnetic impulse triggers let gamers feel the power with added feedback. The Fusion Pro 2 is available worldwide at all major retailers where gaming accessories are sold and at PowerA.com.



https://www.powera.com/p/fusion/controllers/wired/fusion-pro-2-wired-controller-for-xbox-series-xs-1516954-01/

17. Upon information and belief, Defendant PDP is a developer of video game accessories and peripherals.

**The Parties' Correspondence**

18. On or about August 1, 2022, counsel representing Defendant sent a letter ("August Notice Letter") to ACCO's Senior Vice President, Eric Bensussen, purporting to be the owner of the Asserted Patents and stating that "ACCO's Xbox Fusion 2 Controller and other Fusion controllers . . . infringes the [Asserted] Patents." The letter further stated that if the parties did not reach an amicable resolution, "PDP may have no choice but to file a lawsuit in federal court and defend PDP's patent rights through formal litigation." A true and correct copy of the August Notice Letter is attached hereto as **Exhibit A**.

19. In a letter dated August 13, 2022, ACCO's Senior Patent Counsel/Assistant General Counsel, John Del Col, confirmed receipt of Defendant's August Notice Letter and expressed his commitment to working with Defendant to find an amicable resolution.

20. On August 25, 2022, in a Teams meeting between Mr. Del Col and Defendant's counsel, the two counsel discussed the fact that a 2018 Settlement and Patent License Agreement was between PDP and another party, and did not include ACCO.

**COMPLAINT FOR DECLARATORY JUDGMENT**

21. In a second Teams meeting on September 13, 2022, Mr. Del Col raised validity arguments including the Mad Catz MLG Programing controller as prior art and Defendant's counsel suggested a new license agreement with ACCO.

22. On October 3, 2022, in a third Teams meeting between Mr. Del Col and Defendant's counsel, the two counsel discussed the timing of ACCO's substantive written response. Mr. Del Col emphasized the invalidity arguments that would be included therein and suggested a meeting between the parties solely based on avoidance of legal fees. Defendant's counsel emphasized the need for a new license agreement to avoid litigation and requested ACCO's sales data for the alleged infringing products.

23. In a letter to Defendant's counsel dated October 14, 2022 ("October 14 Letter"), Mr. Del Col explained why Defendant would not prevail. For example, Mr. Del Col identified the Mad Catz MLG Pro gaming controller as invalidating prior art and explained how the '584 and '435 Patents do not satisfy the written description requirement. A true and correct copy of the October 14 Letter is attached hereto as **Exhibit B**.

24. In response to ACCO's October 14 Letter, Defendant's counsel sent an email to Mr. Del Col on December 2, 2022 wherein Defendant's counsel denied that the Mad Catz MLG Pro was invalidating prior art and requested that ACCO produce all sales data since January 1, 2019 for PowerA products comprising face plates and interchangeable buttons.

25. In a final Teams meeting between Mr. Del Col and Defendant's counsel, on December 20, 2022, Mr. Del Col reiterated the suggestion for a settlement discussion to avoid legal fees. Defendant's counsel reiterated Defendant's position that no discussion would be held without prior disclosure of ACCO's sales data for the alleged infringing products and, in the alternative, Defendant would be forced to file a lawsuit.

26. During each meeting between Mr. Del Col and Defendant's counsel, Defendant's counsel continuously threatened litigation would be necessary against ACCO in relation to the Asserted Patents.

27. To date, the parties have been unable to reach an amicable resolution relating to Defendant's infringement allegations.

### The Settlement Agreement and the California State Action

28. On February 28, 2023, PDP filed a complaint against ACCO and BDA in Superior Court of the State of California (*Performance Designed Products LLC vs. Bensussen Deutsch & Associates LLC et al.*, No. 37-2023-00008428 (Sup. Ct. San Diego Cty.), ROA 1) ("State Case").

29. PDP's complaint in the State Case alleges breach of contract arising from the April 2018 Settlement Agreement concerning certain video game controllers, including BDA's PowerA Xbox Fusion Controller. A true and correct copy of PDP's complaint in the State Case, including a copy of the Settlement Agreement, is attached as **Exhibit C**.

30. PDP's complaint pertains solely to royalties owed by BDA and ACCO that allegedly accrued between January 2019 and October 2022 under the Settlement Agreement. PDP names ACCO as a co-defendant, alleging that, in November 2020, ACCO acquired BDA's assets and liabilities, including BDA's obligation to pay those royalties under the Settlement Agreement.

31. Trial in the State Case is currently scheduled for October 17, 2025.

### THE ASSERTED PATENTS[1]

32. On August 7, 2018, the United States Patent and Trademark Office (the "Patent Office") issued the '435 Patent, entitled "Interchangeable input mechanisms for control devices" to Bradley M. Strahle and Eric B. Fulghum. A true and correct copy of the '435 Patent is attached as **Exhibit D**.

33. On information and belief, PDP purports to be the owner by assignment of the '435 Patent.

34. On information and belief, the '435 Patent currently expires on March 21, 2033.

---

[1] Two of the Asserted Patents (*i.e.*, the '584 Patent and '435 Patent) belong to the same patent family as the patents subject to the Settlement Agreement.

35. On March 9, 2021, the Patent Office issued the '584 Patent, entitled "Interchangeable input mechanisms for control devices" to Bradley M. Strahle and Eric B. Fulghum. A true and correct copy of the '584 Patent is attached as **Exhibit E**.

36. On information and belief, PDP purports to be the owner by assignment of the '584 Patent.

37. On information and belief, the '584 Patent currently expires on March 21, 2033.

38. On August 11, 2020, the Patent Office issued the '171 Patent, entitled "Video game controller" to Bradley M. Strahle and Yannik Wiggemans. A true and correct copy of the '171 Patent is attached as **Exhibit F**.

39. On information and belief, Defendant purports to be the owner by assignment of the '171 Patent.

40. On information and belief, the '171 Patent currently expires on June 8, 2038.

41. On December 29, 2020, the Patent Office issued the '938 Patent, entitled "Video game controller" to Bradley M. Strahle and Yannik Wiggemans. A true and correct copy of the '938 Patent is attached as **Exhibit G**.

42. On information and belief, Defendant purports to be the owner by assignment of the '938 Patent.

43. On information and belief, the '938 Patent currently expires on June 8, 2038.

## COUNT I
(Declaratory Judgment of Non-Infringement of the '435 Patent)
**(ACCO v. PDP)**

44. Plaintiff ACCO re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

45. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between ACCO and Defendant regarding whether ACCO infringes any claim of the '435 Patent.

46. Defendant has alleged and continues to allege that products made, used, or sold by ACCO are covered by the claims of the '435 Patent, and has commenced litigation against ACCO regarding this matter.

47. ACCO contends that it has not infringed and does not infringe, induce infringement, or contribute to the infringement of any valid and enforceable claim of the '435 Patent. ACCO has not made, used, sold, offered for sale, or imported any products that infringe, directly, indirectly, or under the doctrine of equivalents, each and every claim of the '435 Patent.

48. For example, ACCO's PowerA Fusion 2 Controller does not practice the limitation, "at least a portion of the thumbstick is replaceable," of independent claims 1, 6, and 13. The Fusion 2 Controller does not meet the limitations of independent claim 1 because the Fusion 2 Controller's entire input mechanism is replaceable, rather than only a portion of the input mechanism being replaceable.

49. Therefore, a substantial controversy exists between ACCO and Defendant, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that ACCO has not infringed and does not infringe any valid and enforceable claim of the '435 Patent.

50. An actual and justiciable controversy exists between ACCO and Defendant as to whether ACCO's products infringe the '435 Patent. ACCO accordingly requests a judicial determination of its rights, duties, and obligations regarding the '435 Patent.

51. A judicial declaration is necessary and appropriate so that ACCO may ascertain its rights regarding the '435 Patent and defend against claims brought by Defendant in the State Case.

## COUNT II
### (Declaratory Judgment of Invalidity of the '435 Patent)
### (ACCO v. PDP)

52. Plaintiff ACCO re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

53. Upon information and belief, Defendant purports to be the owner by assignment of the '435 Patent and contends that the claims of the '435 Patent are valid.

54. The claims of the '435 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

55. For at least the reasons explained in ACCO's October 14 Letter to Defendant's counsel, which is incorporated fully by reference herein, the claims of the '435 Patent are invalid at least under 35 U.S.C. §§ 102, 103, and/or 112.

56. The claims of the '435 Patent are also invalid at least under 35 U.S.C. §§ 102 and/or 103 in view of at least the prior art Mad Catz MLG Pro gaming controller and/or U.S. Publication No. 2012/0274563.

57. An actual case or controversy exists regarding whether any of the claims of the '435 Patent are valid.

58. Declaratory relief is appropriate and necessary to establish that the claims of the '435 Patent are invalid and to avoid irreparable injury and damage to ACCO.

59. Pursuant to 28 U.S.C. §§ 2201 and 2202, ACCO is entitled to a declaratory judgment that the claims of the '435 Patent are invalid.

## COUNT III
### (Declaratory Judgment of Non-Infringement of the '584 Patent)
### (ACCO v. PDP)

60. Plaintiff ACCO re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

61. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between ACCO and Defendant regarding whether ACCO infringes any claim of the '584 Patent.

62. Defendant has alleged and continues to allege that products made, used, or sold by ACCO are covered by the claims of the '584 Patent, and has commenced litigation against ACCO regarding this matter.

63. ACCO contends that it has not infringed and does not infringe, induce infringement, or contribute to the infringement of any valid and enforceable claim of the '584 Patent. ACCO has not made, used, sold, offered for sale, or imported any products that infringe, directly, indirectly, or under the doctrine of equivalents, each and every claim of the '584 Patent.

64. For example, ACCO's PowerA Fusion 2 Controller does not practice the limitation, "at least a portion of the thumbstick is replaceable," of independent claims 1 and 15, or the limitation, "at least a portion of the one or more thumb sticks is replaceable," of independent claim 8. The Fusion 2 Controller does not meet the limitations of independent claims 1, 8, and/or 15 because the Fusion 2 Controller's entire input mechanism is replaceable, rather than only a portion of the input mechanism being replaceable.

65. Therefore, a substantial controversy exists between ACCO and Defendant, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that ACCO has not infringed and does not infringe any valid and enforceable claim of the '584 Patent.

66. An actual and justiciable controversy exists between ACCO and Defendant as to whether ACCO's products infringe the '584 Patent. ACCO accordingly requests a judicial determination of its rights, duties, and obligations regarding the '584 Patent.

67. A judicial declaration is necessary and appropriate so that ACCO may ascertain its rights regarding the '584 Patent and defend against claims brought by Defendant in the State Case.

## COUNT IV
### (Declaratory Judgment of Invalidity of the '584 Patent)
### (ACCO v. PDP)

68. Plaintiff ACCO re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

69. Upon information and belief, Defendant purports to be the owner by assignment of the '584 Patent and contends that the claims of the '584 Patent are valid.

70. The claims of the '584 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

71. For at least the reasons explained in ACCO's October 14 Letter to Defendant's counsel, which is incorporated fully by reference herein, the claims of the '584 Patent are invalid at least under 35 U.S.C. §§ 102, 103, and/or 112.

72. The claims of the '584 Patent are also invalid at least under 35 U.S.C. §§ 102 and/or 103 in view of at least the prior art Mad Catz MLG Pro gaming controller and/or U.S. Publication No. 2012/0274563.

73. An actual case or controversy exists regarding whether any of the claims of the '584 Patent are valid.

74. Declaratory relief is appropriate and necessary to establish that the claims of the '584 Patent are invalid and to avoid irreparable injury and damage to ACCO.

75. Pursuant to 28 U.S.C. §§ 2201 and 2202, ACCO is entitled to a declaratory judgment that the claims of the '584 Patent are invalid.

**COUNT V**
**(Declaratory Judgment of Non-Infringement of the '171 Patent)**
**(ACCO v. PDP)**

76. Plaintiff ACCO re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

77. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between ACCO and Defendant regarding whether ACCO infringes any claim of the '171 Patent.

78. Defendant has alleged and continues to allege that products made, used, or sold by ACCO are covered by the claims of the '171 Patent, and has commenced litigation against ACCO regarding this matter.

79. ACCO contends that it has not infringed and does not infringe, induce infringement, or contribute to the infringement of any valid and enforceable claim of the '171 Patent. ACCO has not made, used, sold, offered for sale, or imported any products that infringe, directly, indirectly, or under the doctrine of equivalents, each and every claim of the '171 Patent.

80. For example, independent claims 1 and 11 require "a plurality of control inputs removably mounted on the controller body" where "the plurality of control inputs extend through the plurality of openings in the face plate, at least one of the plurality of openings in the face plate having a cross shape."  Although the Fusion 2 Controller includes a faceplate with a plurality of openings, one of which has a cross shape, the control input that is accessible through the cross shape opening (e.g., the directional pad) is not removable.  As such, the Fusion 2 Controller does not meet the limitations of independent claims 1 and/or 11 because the Fusion 2 Controller lacks a control input that both (i) extends through a cross shape opening in a faceplate, *and* (ii) is removably mounted.

81. Therefore, a substantial controversy exists between ACCO and Defendant, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that ACCO has not infringed and does not infringe any valid and enforceable claim of the '171 Patent.

82. An actual and justiciable controversy exists between ACCO and Defendant as to whether ACCO's products infringe the '171 Patent.  ACCO accordingly requests a judicial determination of its rights, duties, and obligations regarding the '171 Patent.

83. A judicial declaration is necessary and appropriate so that ACCO may ascertain its rights regarding the '171 Patent and defend against claims brought by Defendant in the State Case.

## COUNT VI
### (Declaratory Judgment of Invalidity of the '171 Patent)
### (ACCO v. PDP)

84. Plaintiff ACCO re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

85. Upon information and belief, Defendant purports to be the owner by assignment of the '171 Patent and contends that the claims of the '171 Patent are valid.

86. The claims of the '171 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

87. For at least the reasons explained in ACCO's October 14 Letter to Defendant's counsel, which is incorporated fully by reference herein, the claims of the '171 Patent are invalid at least under 35 U.S.C. §§ 102, 103, and/or 112.

88. The claims of the '171 Patent are also invalid at least under 35 U.S.C. §§ 102 and/or 103 in view of at least the prior art Mad Catz MLG Pro gaming controller, U.S. Publication No. 2016/0346681, and/or U.S. Publication No. 2012/0142418.

89. An actual case or controversy exists regarding whether any of the claims of the '171 Patent are valid.

90. Declaratory relief is appropriate and necessary to establish that the claims of the '171 Patent are invalid and to avoid irreparable injury and damage to ACCO.

91. Pursuant to 28 U.S.C. §§ 2201 and 2202, ACCO is entitled to a declaratory judgment that the claims of the '171 Patent are invalid.

## COUNT VII
### (Declaratory Judgment of Non-Infringement of the '938 Patent)
### (ACCO v. PDP)

92. Plaintiff ACCO re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

93. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between ACCO and Defendant regarding whether ACCO infringes any claim of the '938 Patent.

94. Defendant has alleged and continues to allege that products made, used, or sold by ACCO are covered by the claims of the '938 Patent, and has commenced litigation against ACCO regarding this matter.

95. ACCO contends that it has not infringed and does not infringe, induce infringement, or contribute to the infringement of any valid and enforceable claim of the '938 Patent. ACCO has not made, used, sold, offered for sale, or imported any products

that infringe, directly, indirectly, or under the doctrine of equivalents, each and every claim of the '938 Patent.

96. For example, ACCO's PowerA Fusion 2 Controller does not practice the limitation, "detachable paddle unit," of independent claims 1 and 11. At least in view of invalidating prior art discussed herein under Count VIII and the disclosure within the '938 Patent's specification, the "detachable paddle unit" is a simple flexible control input that is bent to engage and actuate switches and electronics that are disposed entirely within the controller body. The Fusion 2 Controller does not meet the limitations of independent claims 1 and/or 11 because the Fusion 2 Controller lacks a "detachable paddle unit." Rather, the Fusion 2 Controller includes a module member that is a complex electromechanical assembly complete with multiple switches and electronics.

97. Therefore, a substantial controversy exists between ACCO and Defendant, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that ACCO has not infringed and does not infringe any valid and enforceable claim of the '938 Patent.

98. An actual and justiciable controversy exists between ACCO and Defendant as to whether ACCO's products infringe the '938 Patent. ACCO accordingly requests a judicial determination of its rights, duties, and obligations regarding the '938 Patent.

99. A judicial declaration is necessary and appropriate so that ACCO may ascertain its rights regarding the '938 Patent and defend against claims brought by Defendant in the State Case.

### COUNT VIII
### (Declaratory Judgment of Invalidity of the '938 Patent)
### (ACCO v. PDP)

100. Plaintiff ACCO re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

101. Upon information and belief, Defendant purports to be the owner by assignment of the '938 Patent and contends that the claims of the '938 Patent are valid.

102. The claims of the '938 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

103. For at least the reasons explained in ACCO's October 14 Letter to Defendant's counsel, which is incorporated fully by reference herein, the claims of the '938 Patent are invalid at least under 35 U.S.C. §§ 102, 103, and/or 112.

104. The claims of the '938 Patent are also invalid at least under 35 U.S.C. §§ 102 and/or 103 in view of at least the prior art Mad Catz MLG Pro gaming controller, U.S. Publication No. 2012/0142418, the Valve Steam Controller, and/or U.S. Patent No. 10,625,152.

105. An actual case or controversy exists regarding whether any of the claims of the '938 Patent are valid.

106. Declaratory relief is appropriate and necessary to establish that the claims of the '938 Patent are invalid and to avoid irreparable injury and damage to ACCO.

107. Pursuant to 28 U.S.C. §§ 2201 and 2202, ACCO is entitled to a declaratory judgment that the claims of the '938 Patent are invalid.

**COUNT IX**
**(Declaratory Relief—Settlement Agreement)**
**(ACCO and BDA v. PDP)**

108. Plaintiffs re-allege and incorporate by reference paragraphs 1-31 as though fully re-stated herein.

109. Defendant and BDA are parties to the Settlement Agreement dated April 2018.

110. Defendant has sued BDA and ACCO for breach of contract for failure to pay certain royalties that allegedly accrued between January 2019 and October 2022 under the Settlement Agreement based on the sale of certain video game controllers. Defendant alleges that ACCO acquired BDA's assets and liabilities in 2020, including BDA's obligation to pay these royalties under the Settlement Agreement.

111.     Declaratory relief is appropriate because the parties' rights and obligations under the Settlement Agreement are at issue. An actual controversy has arisen and now exists between Plaintiffs and Defendant concerning their respective rights and obligations under the Settlement Agreement.  Defendant has sued Plaintiffs in the State Case, asserting that Plaintiffs owe certain royalties to Defendant under the Settlement Agreement and that Plaintiffs have breached the Settlement Agreement by failing to pay these royalties.

112.     Plaintiffs desire a judicial determination as to the parties' rights and obligations under the Settlement Agreement, and a declaration that (a) Plaintiffs do not owe any royalties to Defendant under the Settlement Agreement; and (b) Plaintiffs did not breach any express or implied obligations under the Settlement Agreement.

113.     A judicial determination is necessary and appropriate at this time in order for Plaintiffs to ascertain their rights and obligations under the Settlement Agreement. The parties' relationship is ongoing, and a judicial determination would inform the parties' future conduct. In addition, a judicial determination is necessary and appropriate at this time in order to eliminate uncertainties in Plaintiffs' future conduct, including their petitions to the Courts.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request:

(a)     That the Court enter a judgment declaring that ACCO has not infringed and does not infringe any valid and enforceable claim of U.S. Patent No. 10,042,435;

(b)     That the Court enter a judgment declaring that the claims of U.S. Patent No. 10,042,435 are invalid;

(c)     That the Court enter a judgment declaring that ACCO has not infringed and does not infringe any valid and enforceable claim of U.S. Patent No. 10,942,584;

(d)     That the Court enter a judgment declaring that the claims of U.S. Patent

No. 10,942,584 are invalid;

(e)     That the Court enter a judgment declaring that ACCO has not infringed and does not infringe any valid and enforceable claim of U.S. Patent No. 10,737,171;

(f)     That the Court enter a judgment declaring that the claims of U.S. Patent No. 10,737,171 are invalid;

(g)     That the Court enter a judgment declaring that ACCO has not infringed and does not infringe any valid and enforceable claim of U.S. Patent No. 10,874,938;

(h)     That the Court enter a judgment declaring that the claims of U.S. Patent No. 10,942,938 are invalid;

(i)     That the Court enter a judgment declaring that Plaintiffs do not owe Defendant any unpaid royalties under the Settlement Agreement;

(j)     That the Court enter a judgment declaring that Plaintiffs did not materially breach the Settlement Agreement by failing to pay royalties;

(k)     That the Court declare that this case is exceptional under 35 U.S.C. § 285 and award Plaintiff ACCO its attorneys' fees, costs, and expenses incurred in this action;

(l)     That the Court award Plaintiffs any and all other relief to which Plaintiffs may show themselves to be entitled; and

(m)     That the Court award Plaintiffs any other relief as the Court may deem just, equitable, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable.

COMPLAINT FOR DECLARATORY JUDGMENT

Dated: June 25, 2024

Respectfully submitted,
**BARNES & THORNBURG LLP**

By:    */s/ Eric Beste*
       Eric Beste
       Amy Poyer

*Attorneys for Plaintiffs*
*ACCO BRANDS USA LLC and*
*BENSUSSEN DEUTSCH & ASSOCIATES LLC*