UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCO BRANDS USA LLC and BENSUSSEN DEUTSCH & ASSOCIATES LLC,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>PERFORMANCE DESIGNED PRODUCTS LLC,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:24-cv-1100-JO-KSC<br><br>**ORDER EXERCISING SUBJECT MATTER JURISDICTION OVER AND STAYING PLAINTIFFS' COUNTS I-IV AND IX** |

On November 14, 2024, the Court held oral argument on Defendant Performance Designed Products LLC's ("PDP") motion to dismiss, Dkt. 14-1. Dkt. 26. As stated on the record, the Court found that it had subject matter jurisdiction over these claims, but exercised its discretion pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, to stay these counts.

The Court briefly recaps its reasoning here for the convenience of the parties. Critically, the Court's resolution of patent validity and infringement issues would not necessarily aid the state court's adjudication of the contract claims whereas the state court's resolution of such claims has the potential to obviate or significantly reduce the need for

litigation here. In order to find that Plaintiffs ACCO Brands USA LLC ("ACCO") and Bensussen Deutsch & Associates LLC ("BDA") breached the settlement, the state court needs to determine whether they sold licensed products as defined by the terms in the contract—*not* whether PDP infringed valid patents pursuant to patent law. *Studiengesellschaft Kohle, M.B.H. v. Shell Oil Co.*, 112 F.3d 1561, 1568 (Fed. Cir. 1997) (explaining contract rights to royalties may be enforced irrespective of patent infringement and validity so long as doing so will not frustrate federal patent policy). On the other hand, a state court finding that PDP is entitled to royalties per its contract with ACCO and BDA will moot most or all of the validity and infringement claims at issue here because PDP will have a contractual avenue for relief that does not rely on patent validity or infringement. Moreover, the state contract action may resolve whether the contract provision banning patent validity and infringement challenges is valid. If the state court concludes that these terms are enforceable, the validity claims before the federal court will be mooted on those grounds as well. *See Diamond Scientific Co. v. Ambico, Inc.*, 848 F.2d 1220, 1224–25 (Fed. Cir. 1988) ("[D]espite the public policy encouraging people to challenge potentially invalid patents, there are still circumstances in which the equities of the contractual relationships between the parties should deprive one party . . . of the right to bring that challenge."). By staying this case, the Court ensures that it does not expend time and resources resolving controversies that may ultimately have no bearing on the rights of the parties. *Ford Motor Co. v. United States*, 811 F.3d 1371, 1379 (Fed. Cir. 2016).

The Court therefore DENIED IN PART AND GRANTED IN PART Defendant's motion to dismiss Counts I-IV and IX, finding that it has subject matter jurisdiction over these claims, but exercising its discretion to stay these claims. Dkt. 14-1.

**IT IS SO ORDERED**.

Dated: December 3, 2024

_____
Honorable Jinsook Ohta
United States District Judge